**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
SARAH M. GREENE,               )
                               )
     Plaintiff,                )
                               )
     v.                        )    Civil Action No. 08-1763 (RWR)
                               )
NATIONAL HEAD START            )
ASSOCIATION, INC.,             )
                               )
     Defendant.                )
_____)
```

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sarah M. Greene brings this diversity action against the National Head Start Association ("NHSA") for damages based on claims of breach of employment contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, retaliatory discharge and defamation, arising out of the termination of her employment as the President and Chief Executive Officer of NHSA. NHSA moves to transfer venue. Because a transfer of venue to the Eastern District of Virginia is in the interest of justice, the motion to transfer will be granted.

BACKGROUND

Greene was associated with NHSA from 1968 to 2007. During that time, she lived in Virginia, although she now lives in Florida. (Compl. ¶ 1.) She was the President of NHSA's Board of Directors ("Board") between 1982 and 1986. (Compl. ¶¶ 2, 9.) In 1991, NHSA's Board chose Greene to become NHSA's executive

-2-

director.  Her title changed to President and Chief Executive Officer in 2000.  Greene's written employment agreement with NHSA was issued and agreed to in Virginia.  (Compl. ¶¶ 11, 14; Def.'s Mem. in Supp. of Mot. to Transfer Venue ("Def.'s Mem.") at 2.)  NHSA's sole corporate office is in Alexandria, Virginia.  (Def.'s Mem. at 2.)

In 2007, a member of the Board had his personal accountant review NHSA's financial records.  That Board member alleged that NHSA was improperly spending grant money under Greene's leadership.  (Compl. ¶¶ 43-45.)  NHSA's Board informed Greene that they hired the law firm of Holland & Knight, LLP to investigate improper spending of grant money under Greene's leadership.  (Compl. ¶ 51.)  At a meeting held in this district, Holland & Knight reported its findings to the Board, which then created an evaluation committee that collected here evaluations of Greene's performance as President and Chief Executive Officer.  (Compl. ¶¶ 51-55; Pl.'s Opp'n at 3.)  The Board's Executive Committee later asked Greene to resign, which she refused to do.  On December 5, 2007, the Board terminated Greene's employment.  (Compl. ¶¶ 15, 56-63.)

The defendants move to transfer this case to the United States District Court for the Eastern District of Virginia.  (See Defs.' Mem. at 1.)  Greene opposes the motion to transfer.  (See

-3-

Pl.'s Opp'n to Def.'s Mot. to Transfer Venue ("Pl.'s Opp'n") at 1-2.)

## DISCUSSION

A case may be transferred to another venue under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice[.]"  28 U.S.C. § 1404(a).  See also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253 (1981).  The moving party carries the burden of demonstrating that a transfer is warranted.  Montgomery v. SGT Int'l, Inc., 532 F. Supp. 2d 29, 32 (D.D.C. 2008); Onyeneho v. Allstate Ins. Co., 466 F. Supp. 2d 1, 3 (D.D.C. 2006).  Because "it is perhaps impossible to develop any fixed general rules on when cases should be transferred[,] . . . the proper technique to be employed is a factually analytical, case-by-case determination of convenience and fairness."  SEC v. Savoy Indus. Inc., 587 F.2d 1149, 1154 (D.C. Cir. 1978) (quoting Starnes v. McGuire, 512 F.2d 918, 925 (1974)).

"Any transfer under § 1404(a) is restricted to a venue where the action 'might have been brought.'"  See 28 U.S.C. § 1404(a); Robinson v. Eli Lilly Co., 535 F. Supp. 2d 49, 51 (D.D.C. 2008). When, as here, jurisdiction is based on diversity of citizenship,

> [a] civil action . . . may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial

-4-

>     part of property that is the subject of the action is
>     situated, or (3) a judicial district in which any
>     defendant is subject to personal jurisdiction at the
>     time the action is commenced, if there is no district
>     in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  A court must also "weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to [the] private concerns [of the parties], come under the heading of 'the interest of justice.'"  Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988).  "The private interest factors that are typically considered include 1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts,[1] and 6) the ease of access to sources of proof." Demery v. Montgomery County, Civil Action No. 08-1364 (RWR), 2009 WL 692604, at *3 (D.D.C. March 18, 2009).  "Public interest factors include 1) the local interest in making local decisions about local controversies, 2) the potential transferee court's familiarity with the applicable law, and 3) the congestion of the transferee court compared to that of the transferor court." Demery, 2009 WL at *3 (citing Akiachak Native Community v. Dep't of the Interior, 502 F. Supp. 2d 64, 67 (D.D.C. 2007)).

---

[1] See Montgomery, 532 F. Supp. 2d at 33 n.5.

-5-

Ultimately, if the balance of private and public interests favors a transfer of venue, then a court may order a transfer.

I.  VENUE IN VIRGINIA

NHSA asserts that a substantial part of the events giving rise to the claim occurred the Eastern District of Virginia where NHSA has its sole corporate office, and Greene concedes that this action could have been brought in the Eastern District of Virginia. (See Defs.' Mem. at 2; Pl.'s Opp'n at 2.)  Therefore, there is no dispute that venue would be proper in the potential transferee district.

II.  PRIVATE INTERESTS

Typically, a "plaintiff's choice of forum is ordinarily accorded deference." Aftab v. Gonzalez, 597 F. Supp. 2d 76, 80 (D.D.C. 2009); see also DeLoach v. Phillip Morris Cos., 132 F. Supp. 2d 22, 24 (D.D.C. 2000).  However, when a plaintiff is not a resident of the forum and "most of the relevant events occurred elsewhere," this deference is weakened. Aftab, 597 F. Supp. 2d at 80 (quoting Hunter v. Johanns, 517 F. Supp. 2d 340, 344 (D.D.C. 2007) (noting that "the strong presumption against disturbing plaintiff['s] initial forum choice . . . is weakened . . . when the forum is not plaintiff's home forum and most of the relevant events occurred elsewhere") (internal quotations and citations omitted)).  When the events occur in more than one district, a court can consider which jurisdiction has the

-6-

stronger factual nexus to the claims.  <u>Miller v. Insulation Contractors, Inc.</u>, Civil Action No. 08-1556 (RWR), 2009 WL 1066263, at *2 (D.D.C. April 21, 2009) (citing <u>O'Shea v. Int'l Bhd. of Teamsters</u>, Civil Action No. 04-207 (RBW), 2005 WL 486143, at *3 (D.D.C. March 2, 2005)).

While Greene has filed her action in this forum, she is not a resident of the District of Columbia, and the usual deference given to a plaintiff's choice of forum is weakened here.  The NHSA's choice of forum is the Eastern District of Virginia where NHSA has its sole corporate office and where it argues that most of the events that gave rise to this employment action occurred.  (Def.'s Mem. at 1-2.)  Greene disagrees and argues to the contrary.

The parties have shed some but not enough light on important facts needed to assess which district has the stronger factual nexus to most of the claims.  Count I alleges that Greene was fired without good cause by a December 2007 action of the Board.  Neither side specified where the Board action took place.  The parties present dueling versions of where Greene did her work,[2] leaving unresolved in which district the presence or absence of

---

[2] NHSA says Greene spent the vast majority of her time in the Virginia office performing her most important duties involving day-to-day management matters.  (Def.'s Reply at 2.)  Greene says she performed a substantial portion of her duties in the District of Columbia performing advocacy work.  (Pl.'s Opp'n at 2-3.)

-7-

good cause would be most likely shown.  Count II alleges her termination was a breach of the covenant of fair dealing since it was a product of an ill-motivated ad hoc committee.  That committee was formed and functioned in this district.[3]  Count III alleges that Greene refrained from seeking other employment relying to her detriment on NHSA's promise that it would fire her only for poor performance, a reliance and forbearance centered in Virginia.  Count IV alleges Greene's discharge was retaliation against her for favoring a replacement Board Chair, but neither side specifies where she expressed her view, much less where the Board acted to discharge her, as was mentioned.  Count V alleges defamatory statements but the parties say nothing regarding where any such statements were made.

The final three private interest factors favor neither district.  NHSA claims it would be more convenient for it to proceed in Virginia, while Greene argues that it would be more convenient for her to proceed here.  Neither party supports its claim with any convincing reasoning.  Neither forum is more convenient for witnesses or has better access to sources of proof.  While NHSA argues that substantially all of the documents and witnesses are located in Virginia, Greene points out that all of the witnesses to this action are within the 100-mile

---

[3] NHSA wrongly asserts that no critical events occurred in this district.  (Def.'s Mem. at 1.)

-8-

geographical area to which subpoena power extends, the relevant inquiry for this factor.  See Demery, 2009 WL at *3; Montgomery, 532 F. Supp. 2d at 33 n.5 (stating that convenience of the witnesses refers to the possibility of having their live testimony at trial).  The close proximity of the federal courthouses in Alexandria and the District of Columbia means there is no material difference between the districts in ease of access to sources of proof.  Thus, NHSA's effort to show that the balance of private interests favors transfer has been anemic at best.

## II. PUBLIC INTERESTS

The parties did not present evidence regarding the relative congestion of the different courts, and they failed to meaningfully address which district has a greater interest in deciding this case.[4]  However, Virginia has a greater interest in deciding an employment dispute involving an employment agreement created and executed in Virginia, between an employer whose sole corporate office is in Virginia and an employee who resided in Virginia.  It is most likely Virginia law under which Greene's employment agreement will be construed and which will govern Greene's claims.  The transferee district will have greater familiarity with Virginia law, and "the public interest is 'best

---

[4] Greene failed to address or analyze any of the public interest factors in her opposition to the motion to transfer.

-9-

served by having a case decided by the federal court in the state whose laws govern the interests at stake.'" <u>Veney v. Starbucks Corp.</u>, 559 F. Supp. 2d 79, 84 (D.D.C. 2008) (quoting <u>Trout Unlimited v. United States Dep't of Agric.</u>, 944 F. Supp. 13, 19 (D.D.C. 1996)).  The public interests strongly support transfer.

While Greene shows that some events underlying her claims occurred in this district and NHSA has made a weak showing on the private interests analysis, the public interest factors clearly tip the balance in favor of transfer.  The motion to transfer venue will be granted.

## <u>CONCLUSION AND ORDER</u>

The balance of private and public interests weighs in favor of transfer.  Accordingly, it is hereby

ORDERED that defendant's motion [6] to transfer venue be, and hereby is, GRANTED.  The Clerk is directed to transfer this case to the United States District Court for the Eastern District of Virginia.

SIGNED this 28th day of April, 2009.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```